UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EL AHMAD of the FAMILY BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 4:19 CV1935 HEA |
| ) | |
| FAMILY SUPPORT DIVISION, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This case is before the Court on Defendants St. Louis County, Missouri, St. Louis County Prosecuting Attorney, St. Louis County Circuit Clerk, St. Louis County Sheriff's Department's ("County Defendants") Motion to Dismiss, [Doc. No. 17], and Defendants Family Support Division, St. Louis County Domestic Relations Section, Family Court Commissioners Divisions 61, 62, 64, and 65, and St. Louis County Division 6 Judicial Administrator's ("Family Court Defendants") Motion to Dismiss, [Doc. No. 22]. Plaintiff has failed to file a response to either motion. The Complaint fails to state legal elements or factual allegations sufficient to state a cause of action. Defendants' motions to dismiss under Rule 12(b), Fed R. Civ. P., will be granted.

**Background**

Plaintiff filed this action *pro se* alleging violation of his First, Fourth, Fifth, Sixth and Thirteenth Amendment and Article I. § 9 ¶ 3 rights, privileges, and immunities rights under Title 18 U.S.C. § 241-242.

## Motion to Dismiss Standard

Defendants seek dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of the complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Discussion

Plaintiff's Complaint is difficult to understand and is a running narrative, which contains several conclusory statements with no specific connections to specific defendants. Plaintiff fails to allege what Defendant took what action in what ways which would give rise to a potential violation of his constitutional rights. Even in the Court's best attempt at interpreting the allegations of the Complaint in the light most favorable to plaintiff, the Court agrees with Defendants that the Complaint fails to state a claim under Rule 12(b)(6).

Plaintiff states that his case is based on criminal statutes which provide no private cause of action. *See* 18 U.S.C. § 241-242; *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241"). The Complaint contains no allegations establishing that Plaintiff is entitled to raise any claims under the cited statute.

Plaintiff makes several references in the Complaint to Defendants allegedly conspiring against him but fails to provide any factual nexus between Defendants and himself. The Complaint fails to set forth any basis upon which any conspiracy can be inferred. There are no allegations of the elements of conspiracy, nor are there any allegations of which defendants took what actions in furtherance of any conspiracy to deprive Plaintiff of his constitutional rights.

Moreover, as the County Defendants argue, Plaintiff's Complaint appears to focus on child support obligations, a matter which is exclusively within the

jurisdiction of Missouri State Courts.  "District courts may not review state court decisions, 'even if those challenges allege that the state court's action was unconstitutional,'" *District of Columbia v. Feldman,* 460 U.S. 462, 486 (1983). "Federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003)(citations omitted).

Furthermore, as the Family Defendants correctly argue, Plaintiff's claims are barred by the Eleventh Amendment.  The Eleventh Amendment bars suits brought against states without their consent.  *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 72 – 73 (1996) (Eleventh Amendment prohibits federal court jurisdiction over damages suits brought by private parties against unconsenting states). State agencies are likewise provided immunity as "an arm of the state." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 – 81 (1977). The Complaint is silent as to the capacities in which Defendants are sued, *i.e.* in their official or individual capacities. As such, it is presumed they are sued in their official capacities.  *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989).  The Eleventh Amendment immunity "extends to actions against state officials sued in their official capacities." *Thomas v. Gunter,* 32 F.3d 1258, 1261 (8th Cir. 1994).

**Conclusion**

The Complaint fails to state a claim upon which relief can be granted. As defendants' motion under Rule 12(b)(6) correctly points out, the Complaint does not allege the necessary elements of any legally cognizable cause of action and contains insufficient factual allegations to establish any claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [Doc. Nos. 17 and 22] are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed.

Dated this 25th day of November, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE